LAWRENCE G. BROWN
Acting United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone:(559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-CR-00396-OWW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| CHAUDRY ALI aka SHAN AHMED, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Chaudry Ali aka Shan Ahmed, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.  Pursuant to 18 U.S.C. § 2323(b)[1], defendant Chaudry Ali's aka Shan Ahmed's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a)   Approximately 56 Chanel Purses,

    b)   Approximately 17 Chanel Wallets,

---

[1] As amended December 1, 2008, and includes legislation through Pub.L. 110-460, approved December 23, 2008.  The Indictment and Plea Agreement contain reference to forfeiture pursuant to 18 U.S.C. § 2320(b)(1)(B), which has been amended.

1         c)    Approximately 2 Christian Dior Wallets,
2         d)    Approximately 89 Coach Purses,
3         e)    Approximately 36 Coach Wallets,
4         f)    Approximately 3 Dooney & Bourke Purses,
5         g)    Approximately 13 Gucci Purses,
6         h)    Approximately 3 Gucci Wallets, and
7         i)    Approximately 16 pairs of Nike shoes.

2. The above-listed property constitutes property used, in any manner or part, to commit or to facilitate the commission of a violation of 18 U.S.C. § 2320(a).  Pursuant to 18 U.S.C. § 2323(b)(2)(B), the Court shall order that any forfeited article or component of an article bearing or consisting of a counterfeit mark be destroyed or otherwise disposed of according to law.

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Department of Homeland Security, Immigration Customs Enforcement, in its secure custody and control.

4. a. Pursuant to 18 U.S.C. § 2323(b)(2)(A), incorporating 21 U.S.C. § 853(n), and Local Rule 83-171, the United States shall publish notice of the order of forfeiture.  Notice of this Order and notice of the Department of Homeland Security, Immigration Customs Enforcement's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the

subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

   b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

  5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2323(b), in which all interests will be addressed.

  IT IS SO ORDERED.

**Dated: July 8, 2009**          /s/ Oliver W. Wanger
                  UNITED STATES DISTRICT JUDGE