IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUDRY ALI aka SHAN AHMED,            )<br>                                        )<br>                                        )<br>            Petitioner,                )<br>                                        )<br>      vs.                               )<br>                                        )<br>                                        )<br>UNITED STATES OF AMERICA                )<br>                                        )<br>                                        )<br>            Respondent.                 )<br>                                        )<br>_____) | No. CV-F-09-1893 OWW<br>(No. CR-F-08-396 OWW)<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING CLERK OF COURT TO<br>ENTER JUDGMENT FOR<br>RESPONDENT AND CLOSE THIS<br>CASE |

  Petitioner Chaudry Ali aka Shan Ahmed, proceeding *in pro per*, has timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

  Petitioner was charged with one count of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a) and with criminal forfeiture pursuant to 18 U.S.C. §§ 2320(b)(1)(B) and 2320(b)(3)(B). Petitioner pleaded guilty pursuant to a written Plea Agreement to trafficking in counterfeit goods. The Plea

1  **Agreement provided:**

2      **3.**   **<u>Agreements by the Defendant</u>**.
   ...

4  (c) Defendant understands and agrees that the court can either accept this plea agreement entered into by the parties, at which time its sentencing recommendations will be binding upon the court, or the court can reject the agreement.  If the court rejects the agreement, the defendant will have the option of requesting a trial or pleading guilty to the changes in the indictment without an agreement with the government.

9  (d) The defendant is aware that Title 18, United Code, Section 3742 affords a defendant the right to appeal any sentence imposed.  Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. 3742, or otherwise.  If the defendant's conviction on the count to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the following rights: (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts, including, but not limited to, any statutes of

          **limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.**

          **...**

          **(g) Defendant acknowledges that the sentencing court will be obligated to consult the United States Sentencing Guidelines ... and will look to them in determining a reasonable sentence. The defendant agrees his base offense level is eight (8), under U.S.S.G. § 2B5.3.**

          **(h) The defendant agrees that because the loss amount involved in this case is between $70,000 and $120,000, eight (8) additional levels will be added.**

          **(i) The defendant agrees that after a two-level adjustment for acceptance of responsibility, his adjusted offense level will be thirteen (13).**

          **(j) The defendant agrees that one component of an 'overall reasonable sentence' will be that he serve a term of imprisonment of exactly twelve (12) months. He will not request to serve a term of imprisonment of less than twelve (12) months in any way, including by request of a 'variance,' downward departure, or lower sentence justified by facts under 18 U.S.C. § 3553(a). He will not make any request for a term of imprisonment of less than twelve (12) months directly or indirectly.**

**Petitioner was sentenced on July 13, 2009 to a twelve month term of imprisonment and a 36 month term of supervised release. Pursuant to the Plea Agreement, a Preliminary Order of Forfeiture was filed on July 9, 2009. Petitioner did not file a Notice of Appeal.**

    **Petitioner contends he was denied the effective assistance of counsel because of counsel's failure to file objections to the**

3

**Presentence Investigation Report:**

> It was not clearly present that the defendant had an additional term facing him in Brooklyn which resulted in a nine (9) month consecutive term of additional incarceration.
>
> It appears that counsel's ineffectiveness resulted in a sentence which is contrary to the parsimony [sic] provisions of 18 USC § 3553(a) in that the defendant will serve 56 days of imprisonment, that could have been avoided if counsel simply had requested a sentence of one year and one day.  This would have resulted in an overall aggregation of 21 months with release in 19 months in place of the 21 months currently required to be served.

Petitioner's Section 2255 motion is DENIED.  A defendant may waive the statutory right to bring a Section 2255 motion challenging his conviction or sentence.  The Ninth Circuit holds that a waiver of the right to file a Section 2255 motion made pursuant to a negotiated plea agreement is enforceable except with respect to a claim that the waiver or the plea was involuntary or the result of ineffective assistance of counsel.  *Washington v. Lambert*, 422 F.3d 864, 870-871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Petitioner makes no claim or showing that the waiver of the right to bring a Section 2255 motion set forth in his Plea Agreement was involuntary or the result of ineffective assistance of counsel.  Petitioner's waiver is enforceable; Petitioner cannot seek relief pursuant to Section 2255.

For the reasons stated:

1.  Petitioner Chaudry Ali's motion to vacate, set aside or

**correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;**

    **2.   The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and to close this case.**

IT IS SO ORDERED.

**Dated:   November 3, 2009**             /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE

5